Philip D. Stern
Andrew T. Thomasson
Stern•Thomasson LLP
150 Morris Avenue, 2nd Floor
Springfield, NJ 07081-1329
(973) 379-7500

*Attorneys for Plaintiff and all others*
*similarly situated*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| MEDICINE TO GO PHARMACIES, INC., on behalf of plaintiff and the class members defined herein, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| SHERALVEN ENTRPRISES, LTD., and JOHN DOES 1-10, | ) ) ) ) |
| Defendants. | ) ) |

### COMPLAINT  – CLASS ACTION

### INTRODUCTION

1.      Plaintiff Medicine To Go Pharmacies, Inc., brings this action to secure redress for

the actions of defendant Sheralven Enterprises, Ltd., in sending or causing the sending of

unlawful advertisements to telephone facsimile machines in violation of the Telephone

Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

### PARTIES

2.      Plaintiff, Medicine To Go Pharmacies, Inc. is a corporation with offices at 528

West Lacey Road, Forked River, New Jersey 08731, where it maintains telephone facsimile

equipment.

3.      Defendant, Sheralven Enterprises, Ltd., is a New York limited company that has

1

offices at Two Rodeo Drive, Edgewood, New York 11717.

4.     Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below. Plaintiff does not know who they are.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction under 28 U.S.C. §§1331 and 1367.  *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012).

6.     Venue in this District is proper for the same reason.

## FACTS

7.     On March 23, 2015, plaintiff, Medicine To Go Pharmacies, Inc., received the fax advertisement attached as Exhibit A on its facsimile machine.

8.     Discovery may reveal the transmission of additional faxes as well.

9.     Defendant Sheralven Enterprises, Ltd., is responsible for sending or causing the sending of the fax.

10.     Defendant  Sheralven Enterprises, Ltd., as the entity whose products or services were advertised in the fax, derived economic benefit from the sending of the fax.

11.     Defendant Sheralven Enterprises, Ltd., either negligently or wilfully violated the rights of plaintiff and other recipients in sending the fax.

12.     The faxes have a "remove" number at the bottom that is associated with the mass broadcasting of advertising faxes.

13.     The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

14.     The TCPA provides for affirmative defenses of consent or an established business relationship.  Both defenses are conditioned on the provision of an opt out notice that complies with the TCPA.  *Holtzman v. Turza*, 728 F.3d 682 (7th Cir. 2013); *Nack v. Walburg*, 715 F.3d

680 (8th Cir. 2013).

15.     On information and belief, the faxes attached hereto were sent as part of a mass broadcasting of faxes.

16.     On information and belief, defendants have transmitted similar fax advertisements to at least 40 other persons in this District.

17.     There is no reasonable means for plaintiff or other recipients of defendants' advertising faxes to avoid receiving illegal faxes.  Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

<u>**COUNT I – TCPA**</u>

18.     Plaintiff incorporates ¶¶ 1-17.

19.     The TCPA,  47 U.S.C. §227(b)(3), provides:

> **Private right of action.**
>
> **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**
>
>> **(A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
>>
>> **(B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
>>
>> **(C)  both such actions.**
>
> **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

20.     Plaintiff and each class member suffered damages as a result of receipt of the faxes, in the form of paper and ink or toner consumed as a result.  Furthermore, plaintiff's statutory right of privacy was invaded.

21.     Plaintiff and each class member is entitled to statutory damages.

22.     Defendants violated the TCPA even if their actions were only negligent.

23.     Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

24.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) were sent faxes by or on behalf of defendant Sheralven Enterprises, Ltd., promoting its goods or services for sale (d) and with respect to whom defendant cannot provide evidence of express consent or an established business relationship prior to the faxing.

25.     The class is so numerous that joinder of all members is impractical.  Plaintiff alleges on information and belief that there are more than 40 members of the class.

26.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

      a.     Whether defendants engaged in a pattern of sending unlawful fax advertisements; and

      b.     Whether defendants thereby violated the TCPA.

27.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

28.     Plaintiff's claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

29.     A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

4

30.    Several courts have certified class actions under the TCPA. *City Select Auto Sales, Inc. v David Randall Associates, Inc.* 296 F.R.D. 299 (D.N.J. 2013); *Holtzman v. Turza*, 08 C 2014, 2009 WL 3334909, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009), aff'd in relevant part, 728 F.3d 682 (7th Cir. 2013); *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 WL 2224892, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*,  259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.*, 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010); *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC*, 08 C 3276,  2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc.*, 08 C 4521, 2010 WL 744262, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002);  *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.,* 306 S.W.3d 577 (Mo. App. 2010).

31.    Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    a.    Actual damages;

    b.    Statutory damages;

    c.    An injunction against the further transmission of unlawful fax advertising;

    d.      Costs of suit;

    e.      Such other or further relief as the Court deems just and proper.

DATED:     October 23, 2016

                                      STERN•THOMASSON LLP
*Representing Plaintiff, Medicine to
Go Pharmacies, Inc. and all others
similarly situated*

                                      *s/ Andrew T. Thomasson*
Andrew T. Thomasson

6

## <u>CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2</u>

I, Andrew T. Thomasson, hereby certify that to the best of my knowledge that the matter in controversy is <u>not</u> the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

DATED:        October 23, 2016

STERN•THOMASSON LLP
*Representing Plaintiff, Medicine to Go Pharmacies, Inc. and all others similarly situated*


<u>*s/ Andrew T. Thomasson*</u>
Andrew T. Thomasson

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

DATED:      October 23, 2016

STERN•THOMASSON LLP
*Representing Plaintiff, Medicine to Go Pharmacies, Inc. and all others similarly situated*


*s/ Andrew T. Thomasson*
Andrew T. Thomasson

8

## DOCUMENT PRESERVATION DEMAND

Plaintiffs hereby demand that each defendant take affirmative steps to preserve all recordings,  data, documents, and all other tangible things that relate to plaintiffs, the events described herein, and any account or number or symbol relating to them. These materials are likely very  relevant to the litigation of this claim. If defendants are aware of any third party that has possession, custody, or control of any such materials, plaintiffs demand that defendants request that such third party also take steps to preserve the materials. This demand shall not narrow the  scope of any independent document preservation duties of the defendants.


DATED:       October 23, 2016

                                           STERN•THOMASSON LLP
*Representing Plaintiff, Medicine to Go Pharmacies, Inc. and all others similarly situated*


                                           *s/ Andrew T. Thomasson*
Andrew T. Thomasson

# EXHIBIT A



# SHERALVEN ENTERPRISES LTD.
## Fine Fragrances & Perfumes

## FRAGRANCE & PERFUME SPECIALS
## March 23-29, 2015

| ITEM # | DESCRIPTION | SIZE | RETAIL | % OFF | PRICE | QTY |
|--------|-------------|------|--------|-------|-------|-----|
| **LADIES FRAGRANCES** | | | | | | |
| 10100389 | ANGEL by THIERRY MUGLER -EDP SPRAY | .8 OZ | $80.00 | 52% | $38.25 | |
| 10048445 | BURBERRY BRIT RHYTHM - EDT SPRAY | 1.6 OZ | $70.00 | 65% | $24.20 | |
| 10043693 | CK DOWNTOWN - EDP SPRAY | 1.7 OZ | $65.00 | 68% | $20.80 | |
| 10139327 | CHLOE by CHLOE EDP SPRAY | 1.7 OZ | $105.00 | 56% | $46.70 | |
| 10102741 | COOL WATER by DAVIDOFF -EDT SPRAY | 1.7 OZ | $52.00 | 70% | $15.65 | |
| 10114270 | DOLCE & GABBANA LIGHT BLUE - EDT SPRAY | .84 OZ | $50.00 | 50% | $25.05 | |
| 10103786 | ETERNITY by CALVIN KLEIN - EDP SPRAY | 1.7 OZ | $60.00 | 69% | $18.55 | |
| 10114355 | GLOW by J.LO - EDT SPRAY | 1 OZ | $39.50 | 72% | $11.00 | |
| 10975512 | GUCCI GUILTY - EDT SPRAY | 1.6 OZ | $77.00 | 56% | $34.20 | |
| 10121353 | GUESS - EDP SPRAY | 1.7 OZ | $49.00 | 73% | $13.20 | |
| 10057126 | JIMMY CHOO EDP SPRAY | 1.3 OZ | $58.00 | 58% | $24.50 | |
| 10105711 | L'AIR DU TEMPS by NINA RICCI -EDT SPRAY | 1.7 OZ | $62.00 | 57% | $26.45 | |
| 10992939 | MARC JACOBS DAISY - EDT SPRAY | 1.7 OZ | $76.00 | 49% | $38.50 | |
| 10970678 | PINK SUGAR SENSUAL by AQUOLINA- EDT SPRAY | 3.4 OZ | $60.00 | 68% | $19.40 | |
| 10078640 | VERSACE YELLOW DIAMOND INTENSE - EDP SPRAY | 1.7 OZ | $90.00 | 58% | $37.60 | |
| **MEN'S FRAGRANCES** | | | | | | |
| 20200201 | ACQUA DI GIO by GIORGIO ARMANI - EDT SPRAY | 1.7 OZ | $65.00 | 41% | $38.60 | |
| 20218350 | DIRTY ENGLISH by JUICY COUTURE- EDT SPRAY | 3.4 OZ | $70.00 | 76% | $17.10 | |
| 20217537 | DOLCE & GABANNA LIGHT BLUE - EDT SPRAY | 2.5 OZ | $62.00 | 44% | $34.60 | |
| 20987393 | GUCCI GUILTY - EDT SPRAY | 1.6 OZ | $64.00 | 50% | $32.00 | |
| 20215557 | GUESS MAN - EDT SPRAY | 2.5 OZ | $59.00 | 76% | $14.15 | |
| 20219616 | NAUTICA BLUE - EDT SPRAY | 3.4 OZ | $62.50 | 88% | $7.50 | |
| 20203677 | OBSESSION by CALVIN KLEIN - EDT SPRAY | 2.5 OZ | $60.00 | 61% | $23.25 | |
| 20048919 | POLO RED by RALPH LAUREN EDT SPRAY | 2.5 OZ | $63.00 | 42% | $36.55 | |
| 20970982 | VERSACE MAN EAU FRAICHE -EDTSPRAY | 1.7 OZ | $59.00 | 50% | $29.30 | |
| 20000108 | YSL L'HOMME LIBRE EDT SPRAY | 2 OZ | $65.00 | 49% | $33.40 | |



# FREE!
## with any order over $200
Your choice Ladies or Men's
Burberry Classic 1 oz Sprays



**Company Name:** _____    **Phone:** _____

## NO MINIMUM ORDERS, CREDIT CARDS ACCEPTED

CORPORATE HEADQUARTERS  2 RODEO DRIVE | EDGEWOOD, NY 11717
PHONE: (800) 697-1100 EXT. 245 OR 249 | FAX: (631) 514-3379 OR (631) 514-3259
EMAIL: KBUFFOLINO@SHERALVEN.COM OR KLEADER@SHERALVEN.COM |WWW.SHERALVEN.COM

If you would prefer not to receive further messages and/or faxes from this sender, you may request to the sender to opt-out at any time by calling 800-697-1100 ext 249 or you may request to opt-out in writing by sending a facsimile to 631-514-3259.